77.    Similarly, on or about December 29, 2005, through its counsel, Nomination notified many of the Licensor Defendants that the promotion and sale of the Supplier Defendants Counterfeit Bracelets bearing such licensor's intellectual property infringed upon Plaintiff's "NOMINATION" mark and requested, *inter alia*, that such Licensor Defendants cooperate with Nomination's investigation into such infringing activity. The Licensor Defendants have ignored this request, thus reinforcing Nominations' view that the Licensors were knowing participants in the unlawful activities of the other defendants in this action.

78.    In correspondence, telephone conferences and meetings, representatives of the Supplier Defendants and Claire's repeatedly assured Nomination's representatives that they would immediately cease and desist their unlawful activity and remove all counterfeit and infringing items from the marketplace.

79.    Notwithstanding these repeated assurances, and evidencing its malicious, willful and pervasive infringement upon Plaintiff's rights, Claire's continued to sell the infringing and counterfeit products at numerous retail locations for months after it was notified of the infringement and had agreed to cease and desist its unlawful activity, claiming that it lacked the ability to control its vast network of retail outlets.

80.    Upon information and belief, the Supplier Defendants and Retailer Defendants continued and still continue to distribute, promote and/or sell the Counterfeit Bracelets on the internet through online retailers including Defendant Dealt-In.

81.    By reason of Defendants' conduct, Plaintiff has suffered injury and damage to its business, reputation, and goodwill.  Unless permanently restrained and enjoined, Defendants will continue to engage in the acts complained of herein, all to Plaintiff's irreparable harm.  Plaintiff's

remedy at law is not adequate to compensate it for the injuries Plaintiff has incurred and will continue to incur unless Defendants are enjoined.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement under 15 U.S.C. § 1114 - Against all Defendants)

82.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 81 as though fully set forth herein and asserts that Defendants are liable to Nomination for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114.

83.    Defendants have knowingly and willfully infringed Nomination's registered "NOMINATION" mark with an intent to deceive the consuming public by using, without permission or authority, in commerce, a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered "NOMINATION" mark in connection with the sale, offering for sale, distribution, or advertising of the Counterfeit Bracelets.

84.    Such use is likely to cause confusion, mistake, or deception as to the source of the Counterfeit Bracelets.

85.    Upon information and belief, the Licensor Defendants have contributed to such infringement by their knowing participation in the development, promotion and sale of the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have benefited by such infringement directly and indirectly through the promotion of their respective brands and direct consideration from their respective licensing agreements with the Supplier Defendants.

86.    Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the deception and confusion associated with Defendants' use of Plaintiff's registered "NOMINATION" mark or a colorable imitation thereof.

87.    The aforementioned acts relating to the use of Plaintiff's registered "NOMINATION" mark were and are willful and intentional and have caused and are likely to continue to cause Nomination to suffer pecuniary damage and irreparable injury.

88.    Defendants' activities are in violation of 15 U.S.C. § 1114.

89.    Plaintiff is therefore entitled to damages to be determined at trial and, as Plaintiff has no adequate remedy at law, a permanent injunction enjoining the Defendants from further violation of Plaintiff's trademark rights.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin under 15 U.S.C. 1125(a) - Against all Defendants)

90.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 89 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for false designation of origin pursuant to § 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a).

91.    Plaintiff and its predecessors in interest have continuously and extensively used the "NOMINATION" mark in New York and elsewhere in the United States since at least as early as 1999 to identify its products which have included, over the years, bracelets, necklaces, watches and other fashion items.

92.    Plaintiff has spent well more than $20,000,000, and has devoted enormous organizational resources, to build recognition of its "NOMINATION" mark through advertising and promotion such that the "NOMINATION" mark has become famous.  The

"NOMINATION" mark has come to represent to the consuming public the high quality goods offered by Plaintiff and its licensees.

93.     Plaintiff and its duly authorized licensees were actively offering goods for sale under the "NOMINATION" mark and using its "NOMINATION" mark in New York and throughout the United States long before the Supplier Defendants and the Retail Defendants began offering counterfeit goods bearing the term "Nomination." The Supplier Defendants' and the Retail Defendants' use of the term "Nomination" constitutes a false designation of origin as to goods offered by Defendants and therefore is a false and misleading representation in violation of § 43(a) of the Lanham Act.

94.     The Supplier Defendants' and the Retail Defendants' false designation of origin is likely to cause confusion, cause mistake, and deceive the consuming public as to the affiliation, connection or association of the Counterfeit Bracelets with Plaintiffs authentic bracelets as to the origin, sponsorship or approval of Defendants' Counterfeit Bracelets by Plaintiff.

95.     Upon information and belief, the Licensor Defendants have contributed to such false designation of origin by their knowing participation in the development, promotion and sale of the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have benefited by such false designation of origin directly and indirectly through the promotion of their respective brands and direct consideration from their respective licensing agreements with the Supplier Defendants.

96.     Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the actual and likely deception and confusion associated with Defendants' infringing use of words and terms to which Plaintiff has the exclusive right.

97.    Upon information and belief, the aforementioned acts were and are willful and intentional and have caused and are likely to continue to cause Plaintiff to suffer pecuniary damage and irreparable injury.

98.    Plaintiff is therefore entitled to damages to be determined at trial and, as Plaintiff has no adequate remedy at law, a permanent injunction enjoining the Defendants from further violation of Plaintiff's trademark rights.

### THIRD CLAIM FOR RELIEF
### (Trademark Dilution Pursuant to § 43(c) of the Lanham Act - Against all Defendants)

99.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 98 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

100.    Plaintiff and its predecessors in interest have continuously and extensively used the "NOMINATION" mark in New York and elsewhere in the United States since at least as early as 1999 to identify its products which have included, over the years, bracelets, necklaces, watches and other fashion items.

101.    Plaintiff has spent tens of millions of dollars, and has devoted enormous organizational resources, to build recognition of its "NOMINATION" mark through advertising and promotion such that the "NOMINATION" mark has become famous.  The "NOMINATION" mark has come to represent to the consuming public the high-quality goods offered by Plaintiff and its licensees and has been identified as a leading source of composable link bracelets.

102.    Plaintiff's "NOMINATION" mark became famous in New York and the United States long before the Supplier Defendants and the Retail Defendants began offering the Counterfeit Bracelets.

103.    The Supplier Defendants and Retail Defendants, without Plaintiff's consent, have used the Mark in commerce in connection with the sale and/or advertising of the Counterfeit Bracelets.

104.    The Supplier Defendants' and Retail Defendants' use of the name "Nomination" has the effect of lessening the capacity of the famous "NOMINATION" mark to identify and distinguish Plaintiff's and its licensees' goods thereby in violation of § 43(c) of the Lanham Act. Additionally, their use of the name "Nomination" has wrongfully associated Plaintiff's NOMINATION mark to the Supplier Defendants' and Retail Defendants' inferior quality product, with the effect of significantly diminishing the goodwill and reputation associated with Plaintiff's famous "NOMINATION" mark in violation of § 43(c) of the Lanham Act.

105.    Upon information and belief, the Licensor Defendants have contributed to the dilution of Plaintiff's Mark by their knowing participation in the development, design and sale of the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have benefited by such dilution directly and indirectly through the promotion of their respective brands and direct consideration from their respective licensing agreements with the Supplier Defendants.

106.    Plaintiff's reputation and goodwill have been and are likely to continue to be damaged by reason of the actual and likely dilution associated with Defendants' use of the famous word to which Plaintiff has the exclusive rights.

107.    The aforementioned acts were willfully intended to trade on Plaintiff's reputation or to cause dilution of the famous "NOMINATION" mark and have caused and are likely to continue to cause Plaintiff to suffer pecuniary damage and irreparable injury.

108.    Plaintiff is therefore entitled to damages to be determined at trial and, as Plaintiff has no adequate remedy at law, a permanent injunction enjoining the Defendants from further violation of Plaintiff's trademark rights.

### FOURTH CLAIM FOR RELIEF
### (Deceptive Acts and Practices Under New York Gen. Bus. Law § 349 - Against All Defendants)

109.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 108 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for deceptive acts and practices under New York Gen. Bus. Law § 349.

110.    By the acts described herein, including, without limitation, Defendants false and/or misleading statements regarding the quality of the Counterfeit Bracelets by unlawfully using Plaintiff's "NOMINATION" mark in connection with their sale, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of New York Gen. Bus. Law § 349.

111.    Upon information and belief, Defendants' promotion, development and sale of the Counterfeit Bracelets is consumer-oriented, has affected the public interest of the citizens of New York, and has resulted in injury to customers within New York.

112.    Defendants' deceptive acts or practices are materially misleading.  Upon information and belief, such acts actually have deceived, and have a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities.

Due to Defendants' misrepresentation, *i.e.* the unlawful usage of Plaintiff's "NOMINATION" mark in connection with the sale of the inferior Counterfeit Bracelets, Plaintiff has been injured.

113.   Upon information and belief, the Licensor Defendants have contributed to such deceptive acts and/or practices by their knowing participation in the development, design and offer for sale of the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have benefited by such deceptive acts and/or practices directly and indirectly through the promotion of their respective brands and direct consideration from their respective licensing agreements with the Supplier Defendants.

114.   Plaintiff has no adequate remedy at law for the foregoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be irreparably harmed by Defendants' actions. Plaintiff is also entitled to treble damages, and to reasonable attorney's fees and costs as a result of Defendants' willful and knowing conduct.

### FIFTH CLAIM FOR RELIEF
### (False Advertising Under New York Gen. Bus. Law §§ 350 *et seq.* - Against All Defendants)

115.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 114 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for false advertising under New York Gen. Bus. Law §§ 350 *et seq.*

116.   By unlawfully utilizing Plaintiffs "NOMINATION" mark in connection with the sale of their inferior products, Defendants have made false and/or misleading statements in connection with commercial advertising regarding, *inter alia*, the source of their Counterfeit Bracelets, which are likely to cause confusion, to cause mistake and to deceive the public as to the nature, characteristics or quality of Defendants' Counterfeit Bracelets.

117.    Upon information and belief, Defendants' promotion, development and sale of the Counterfeit Bracelets is consumer-oriented, has affected the public interest of the citizens of New York, and has resulted in injury to customers within New York.

118.    Defendants' false and/or misleading statements are material.  Upon information and belief, such acts actually have deceived, and have a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities.  Defendants' false and/or misleading statements are material in that they are likely to influence consumers to purchase Defendants' Counterfeit Bracelets by utilizing the "NOMINATION" mark to trade on Plaintiff's famous and strong reputation.

119.    Upon information and belief, Defendants have made and continue to make their false and/or misleading statements with the intent to cause confusion and mistake and to deceive the public as to the nature, quality, or characteristics of Defendants' products and their commercial activities.  Due to Defendants' misrepresentation, *i.e.* the unlawful usage of Plaintiff's "NOMINATION" mark in connection with the sale of the inferior Counterfeit Bracelets, Plaintiff has been injured.

120.    Upon information and belief, the Licensor Defendants have contributed to such false advertising by their knowing participation in the development, design and offer for sale of the Counterfeit Bracelets.  Upon further information and belief, the Licensor Defendants have benefited by such false advertising directly and indirectly through the promotion of their respective brands and direct consideration from their respective licensing agreements with the Supplier Defendants.

121.    Plaintiff has no adequate remedy at law for the foregoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be irreparably harmed by Defendants' actions. Plaintiff is also entitled to treble damages, and to reasonable attorney's fees and costs as a result of Defendants' willful and knowing conduct.

## SIXTH CLAIM FOR RELIEF
### (Trademark Infringement Under New York Gen. Bus. Law § 360-k – Against All Defendants)

122.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 121 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for trademark infringement under New York General Business Law of New York §§ 360-k.

123.    Plaintiff is the U.S. owner of the "NOMINATION" mark. By virtue of Plaintiff's prominent, long and continuous use of the Mark, it has become and will continue to be distinctive and famous.

124.    Defendants have knowingly and willfully infringed Nomination's registered "NOMINATION" mark with an intent to deceive the consuming public by using, without permission or authority, in commerce, a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered "NOMINATION" mark in connection with the sale, offering for sale, distribution, or advertising of the Counterfeit Bracelets.

125.    Such use is likely to cause confusion, mistake, or deception as to the source of the Counterfeit Bracelets.

126.    Upon information and belief, the Licensor Defendants have contributed to such infringement by their knowing participation in the development, design and offer for sale of the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have

00037385.8 N011415.0002                                    33

benefited by such infringement directly and indirectly through the promotion of their respective

brands and direct consideration from their respective licensing agreements with the Supplier

Defendants.

127.    Plaintiff's reputation and goodwill have been and are likely to continue to be

damaged by reason of the deception and confusion associated with Defendants' use of Plaintiff's

registered "NOMINATION" mark or a colorable imitation thereof.

128.    Plaintiff has incurred significant damages and continues to suffer irreparable harm

and injury as a result of the aforesaid infringing acts of Defendants.  Plaintiff is without an

adequate remedy at law, in that the full extent of future damages Plaintiff will continue to suffer

are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein,

Plaintiff will be required to pursue a multiplicity of actions.

129.    Upon information and belief, Defendants have obtained significant gains, profits,

and advantages as a result of their infringement as hereinabove alleged.

130.    Inasmuch as Defendants have committed the acts alleged herein intentionally,

fraudulently, maliciously, willfully, wantonly and oppressively, with the express intent to injure

Plaintiff in its business, Plaintiff is also entitled to punitive damages in an amount to be

determined at trial.

### SEVENTH CLAIM FOR RELIEF
#### (Trademark Dilution Under New York Gen. Bus. Law §§ 360-l *et seq.* - Against All Defendants)

131.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 130 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for

trademark dilution under New York General Business Law of New York §§ 360-l *et seq.*

132.    Plaintiff is the U.S. owner of the "NOMINATION" mark. By virtue of Plaintiff's prominent, long and continuous use of the Mark, it has become and will continue to be distinctive and famous.

133.    Plaintiff and its predecessors in interest have continuously and extensively used the "NOMINATION" mark in New York and elsewhere in the United States since at least as early as 1999 to identify its products which have included, over the years, bracelets, necklaces, watches and other fashion items.

134.    Plaintiff has spent tens of millions of dollars, and has devoted enormous organizational resources, to build recognition of its "NOMINATION" mark through advertising and promotion such that the "NOMINATION" mark has become distinctive and famous. The "NOMINATION" mark has come to represent to the consuming public the high-quality goods offered by Plaintiff and its licensees and has been identified as a leading source of, *inter alia*, composable link bracelets.

135.    As a result of these and other advertising and promotional activities using the Mark, the Mark has developed and now has a secondary meaning nationally.

136.    The Supplier Defendants and Retail Defendants, without Plaintiff's consent, have used the Mark in connection with the sale and/or advertising of the Counterfeit Bracelets in New York and throughout the United States.

137.    Defendants' use of the name "Nomination" has the effect of lessening the capacity of the famous "NOMINATION" mark to identify and distinguish Plaintiff's and its licensees' goods. Additionally, Defendants' use of the name "Nomination" has linked Plaintiff's NOMINATION mark to the Supplier Defendants' and Retail Defendants' inferior quality product

significantly diminishing the goodwill and reputation associated with Plaintiff's famous

"NOMINATION" mark. Defendants' unlawful and unauthorized use of the "NOMINATION"

mark has and is likely to tarnish the trademarks and cause blurring in the minds of consumers

between Plaintiff and Defendants, thereby lessening the value of Plaintiff's "NOMINATION"

mark as unique identifiers of Plaintiff's composable bracelets.

138.    Plaintiff's reputation and goodwill have been and are likely to continue to be

damaged by reason of the actual and likely dilution associated with Defendants' use of the

famous word to which Plaintiff has the exclusive rights.

139.    Defendants' aforementioned acts constitute trademark dilution in violation of

New York Gen. Bus. Law §§ 360-l *et seq.*

140.    Upon information and belief, the Licensor Defendants have contributed to the

dilution of Plaintiff's Mark by their knowing participation in the development, design and sale of

the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have

benefited by such dilution directly and indirectly through the promotion of their respective brands

and direct consideration from their respective licensing agreements with the Supplier Defendants

141.    Plaintiff has incurred significant damages and continues to suffer irreparable harm

and injury as a result of the aforesaid acts of dilution by Defendants. Plaintiff is without an

adequate remedy at law, in that the full extent of future damages Plaintiff will continue to suffer

are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein,

Plaintiff will be required to pursue a multiplicity of actions.

142.    Upon information and belief, Defendants have obtained significant gains, profits,

and advantages as a result of their infringement as hereinabove alleged.

143.    Inasmuch as Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with the express intent to injure Plaintiff in its business, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

### EIGHTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement - Against All Defendants)

144.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 143 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for trademark infringement under the common law of New York.

145.    Plaintiff's "NOMINATION" mark is a valid trademark under common law.

146.    Defendants are liable for infringement of Plaintiff's "NOMINATION" mark. With knowledge of Plaintiff's "NOMINATION" mark and composable bracelets, Defendants have used the term "Nomination" on the packaging of their Counterfeit Bracelets and in connection with the sale or offering for sale and distribution of goods in New York.

147.    Defendants' unlawful and unauthorized use of Plaintiff's "NOMINATION" mark constitutes use, without the consent of Plaintiff, of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's "NOMINATION" mark in connection with the advertisement, promotion, sale and distribution of products identical or near-identical to those offered by Plaintiff.

148.    Such use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe upon Plaintiff's rights in the "NOMINATION" mark, thereby violating Plaintiff's common law trademark rights.

149.    By reason of the aforesaid, the continued passing off by Defendants of their infringing products as if the same originated with or were authorized by Plaintiff has caused, and unless restrained will continue to cause, Plaintiff serious and irreparable injury.

150.    Upon information and belief, the Licensor Defendants have contributed to such infringement of origin by their knowing participation in the development, promotion and sale of the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have benefited by such infringement of origin directly and indirectly through the promotion of their respective brands and direct consideration from their respective licensing agreements with the Supplier Defendants.

151.    Plaintiff has incurred significant damages and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants. Plaintiff is without an adequate remedy at law, in that the full extent of future damages Plaintiff will continue to suffer are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

152.    Upon information and belief, Defendants have obtained significant gains, profits, and advantages as a result of their infringement as hereinabove alleged.

153.    Inasmuch as Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with the express intent to injure Plaintiff in its business, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF
## (Common Law Unfair Competition - Against All Defendants)

154.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 153 as though fully set forth herein and asserts that Defendants are liable to Plaintiff for unfair competition under the common law of New York.

155.    Defendant's conduct, as alleged herein, constitutes unfair competition under New York common law.  With knowledge of Plaintiff's "NOMINATION" mark and composable bracelets, Defendants have used the term "Nomination" on the packaging of their Counterfeit Bracelets and in connection with the sale or offering for sale and distribution of goods in New York.

156.    Defendants' unlawful and unauthorized use of Plaintiff's "NOMINATION" mark constitutes use, without the consent of Plaintiff, of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's "NOMINATION" mark in connection with the advertisement, promotion, sale and distribution of products identical or near-identical to those offered by Plaintiff.

157.    Such use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe upon Plaintiff's rights in the "NOMINATION" mark, thereby violating Plaintiff's common law trademark rights.

158.    By reason of the aforesaid, the continued "passing off" by Defendants of their infringing products as if the same, originated with or authorized by Plaintiff has caused, and unless restrained will continue to cause, Plaintiff serious and irreparable injury.

159.    Upon information and belief, the Licensor Defendants have contributed to such unfair competition of origin by their knowing participation in the development, promotion and

sale of the Counterfeit Bracelets. Upon further information and belief, the Licensor Defendants have benefited by such unfair competition of origin directly and indirectly through the promotion of their respective brands and direct consideration from their respective licensing agreements with the Supplier Defendants.

160.    Plaintiff has incurred significant damages and continues to suffer irreparable harm and injury as a result of the aforesaid acts of unfair competition by Defendants. Plaintiff is without an adequate remedy at law, in that the full extent of future damages Plaintiff will continue to suffer are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

161.    Upon information and belief, Defendants have obtained significant gains, profits, and advantages as a result of their infringement as hereinabove alleged.

162.    Inasmuch as Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with the express intent to injure Plaintiff in its business, Plaintiff is also entitled to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.      That the Court grant a permanent injunction enjoining and restraining Defendants, their agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with them and each and all of them from directly or indirectly from using the mark "NOMINATION" or any other mark, word or name which is likely to cause confusion, mistake or deceive the public as follows:

   a.  Using "NOMINATION" or any other term or mark confusingly similar thereto, alone or in combination with other words, names, styles, titles or marks, in connection with the advertising, promotion, sale, or offering for sale of necklaces, bracelets, watches and other fashion items including, but not limited to, composable bracelet links;

   b.  Holding themselves out as the owner of, or otherwise authorized to use the name and mark "NOMINATION" in connection with advertising, promotion, sale, or offering for sale of necklaces, bracelets, watches and other fashion items including, but not limited to, composable bracelet links;

   c.  Performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause a mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are one and the same or in some way connected, or that Plaintiff is a sponsor of Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the

goods of Defendants originate with the Plaintiff or are connected, manufactured or offered with the approval, consent or authorization or under the supervision of Plaintiff or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

d.   Using words, names, styles, titles or marks which create a likelihood of injury to the business reputation of Plaintiff or a likelihood of confusion with Plaintiff's name and its "NOMINATION" mark; and

e.   Using any trade practices whatsoever, including those complained of in this Complaint, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining to Plaintiff's business; and

f.   Using words, names, styles, titles or marks which have the effect of lessening the capacity of the famous "NOMINATION" mark to identify and distinguish Plaintiff and its licensees' goods.

2.   That pursuant 15 U.S.C. § 1118 the Court order that Defendants deliver to Plaintiff immediately for destruction all labels, signs, prints, advertisements, brochures, letterhead, services, and all other items bearing the term "NOMINATION" or any similar combination of words, terms, names or symbols that are the subject matter of this action, and all means of making the same.

3.   That Defendants be required to pay Plaintiff damages pursuant to 15 U.S.C. §1117 for the injuries sustained by Plaintiff as a consequence of Defendants' sourcing, supplying, distributing, or selling any products under the name "NOMINATION" and for all damages sustained by Plaintiff by reason of the acts of infringement, dilution and unfair competition as

complained of in this Complaint, together with prejudgment interest including, but not limited to the following:

     a.  Defendants' profits derived from their unlawful conduct;

     b.  Plaintiff's actual damages, including without limitation its lost profits and damages to compensate Plaintiff for injury to its reputation and goodwill;

     c.  Trebling of such damages pursuant to 15 U.S.C. § 1117 for Defendants' intentionally use of the Nomination mark, knowing that such use was a counterfeit mark, in connection with the sale, offering for sale, or distribution of goods or services in violation of Plaintiff's rights; and

     d.  Attorneys' fees and costs

4.      In the alternative, and as Plaintiff reserves the right to so elect, that Defendants be required to pay to Plaintiff statutory damages pursuant to 15 U.S.C. §§ 1117 in the amount of $100,000, or $1,000,000 to the extent Defendants' actions were willful, as this action involves Defendants' use of a the counterfeit mark, as such term is defined in 15 U.S.C. § 1116(d), in connection with the sale, offering for sale, or distribution of goods or services.

5.      That Defendants be required to pay Plaintiff actual damages, attorneys' fees and costs pursuant to Sections 349, 350 *et seq.*, 360-k and 360-l *et seq.* of the New York General Business Law and New York common law.

6.      That Defendants be required to pay to Plaintiff punitive damages as shall be determined by the court for Defendants' intentional, fraudulent, malicious, willful, wanton and/or oppressive conduct.

7.    That Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 10, 2007

Respectfully submitted,

**PILIERO GOLDSTEIN LLP**

By: _____
    Robert D. Piliero (RP-6898)
    10 East 53rd Street
    New York, New York 10022
    Tel: 212-478-8500

## Jury Demand

Plaintiff demands that this matter be tried before a jury.

Dated: New York, New York
      August 10, 2007

Respectfully submitted,

**PILIERO GOLDSTEIN LLP**

By: _____
    Robert D. Piliero (RP-6898)
    10 East 53rd Street
    New York, New York 10022
    Tel: 212-478-8500

# EXHIBIT A

Trademark Electronic Search System (TESS)



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Aug 10 04:06:43 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [          ]   OR   Jump   to record: [          ]   **Record 2 out of 3**

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | NOMINATION |
| **Goods and Services** | IC 014. US 002 027 028 050. G & S: BRACELETS, NECKLACES and EARRINGS. FIRST USE: 19971100. FIRST USE IN COMMERCE: 19971100 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75411219 |
| **Filing Date** | December 29, 1997 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | October 27, 1998 |
| **Registration Number** | 2289491 |
| **Registration Date** | October 26, 1999 |
| **Owner** | (REGISTRANT) G-4 di Gensini Paolo & C.s.n.c. Paolo Gensini and Antonio Gensini, both Italian citizens PARTNERSHIP ITALY Piazza Ghiberti 23 Sesto Fiorentino (Florence) ITALY |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | JOSEPH R DREITLER |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY