DORSEY & WHITNEY LLP
Bruce R. Ewing (BE-0724)
Gianfranco G. Mitrione (GM-8618)
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Defendants
H.E.R. Accessories, Ltd., Pan Oceanic Group, LLC
Richard Terzi, Hymie Anteby, Sam Anteby, Jack Anteby
Claire's Boutiques, Inc., Claire's Stores, Inc.,
AGC, Inc., Those Characters From Cleveland, Inc.,
American Greetings Corp., Artlist International USA, Inc.,
Nintendo of America, Inc., James K. Benton and Sanrio, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

NOMINATION DI ANTONIO E PAOLO
GENSINI S.N.C.,

                                        Plaintiff,

-v-

H.E.R. ACCESSORIES LTD., PAN OCEANIC
GROUP, LLC, RICHARD TERZI, HYMIE
ANTEBY, SAM ANTEBY, JACK ANTEBY,
CLAIRE'S BOUTIQUE'S INC., CLAIRE'S
STORES, INC., SOCORRO ECHEVERRIA,
d/b/a DEAL-IN MARKETING, AGC INC.,
THOSE CHARACTERS FROM CLEVELAND,
INC., AMERICAN GREETINGS
CORPORATION, ARTLIST INTERNATIONAL,
INC., ARTLIST INTERNATIONAL USA, INC.,
DIC I CORPORATION d/b/a DIC
ENTERTAINMENT CORPORATION, HEARST
HOLDINGS, INC., FLEISCHER STUDIOS,
INC., KING FEATURES SYNDICATE,
HOUGHTON MIFFLIN COMPANY,
UNIVERSAL STUDIOS LICENSING LLLP,
NINTENDO OF AMERICA, INC., JAMES K.
BENTON, SANRIO COMPANY, LTD.,
SANRIO INC., VIACOM INTERNATIONAL,
INC., JOHN DOES 1-50 AND XYZ
COMPANIES 1-50,

                                        Defendants.

-----------------------------------------------------------X

07-CV-6959 (RMB)


**ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANTS H.E.R.
ACCESSORIES LTD., PAN OCEANIC
GROUP, LLC, RICHARD TERZI,
HYMIE ANTEBY, SAM ANTEBY AND
JACK ANTEBY**

Defendants H.E.R. Accessories Ltd. ("HER"), Pan Oceanic Group, LLC, Richard Terzi, Hymie Anteby, Sam Anteby and Jack Anteby (collectively referred to herein as "Defendants"), as and for their Answer to the August 10, 2007 First Amended Complaint (the "Amended Complaint") filed by Plaintiff Nomination di Antonio e Paolo Gensini S.N.C., allege as follows:

1.      Defendants admit that paragraph 1 of the Amended Complaint purports to summarize the claims asserted by Plaintiff in this action and deny liability on such claims.

2.      Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Amended Complaint, except for the allegation that plaintiff's Mark is "known throughout the world," which allegation is denied.

3.      In response to the allegations of paragraph 3 of the Amended Complaint, Defendants deny the allegations of the first and fourth sentences of this paragraph and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

4.      In response to the allegations of paragraph 4 of the Amended Complaint, Defendants admit that HER has supplied Claire's Boutique's Inc. ("Claire's") with links for composable bracelets since 2005 and deny the remaining allegations contained in this paragraph.

5.      Defendants deny the allegations contained in paragraph 5 of the Amended Complaint

6.      In response to the allegations of paragraph 6 of the Amended Complaint, Defendants admit that retail stores operated by Claire's have sold links for composable bracelets supplied since 2005 by HER, and that the packaging of some of these products bore the term "nomination."  Defendants deny the remaining allegations contained in this paragraph.

7.      In response to the allegations of paragraph 7 of the Amended Complaint, Defendants admit that HER is a party to license agreements with Those Characters From

Cleveland, Inc., Artlist International, Inc., Hearst Holdings, Inc. (King Features Syndicate Division), Universal Studios Licensing LLLP, Sanrio Inc. and Viacom International, Inc. concerning the use of certain intellectual property in connection with certain of HER's products, including links for composable bracelets. Defendants further admit that Pan Oceanic Group is a party to a license agreement with Nintendo of America, Inc. concerning the use of certain intellectual property in connection with certain products sold and distributed by HER, including links for composable bracelets. Defendants deny the remaining allegations contained in this paragraph.

8.    Defendants deny the allegations contained in paragraph 8 of the Amended Complaint.

9.    Defendants admit that paragraph 9 of the Amended Complaint accurately states some of the claims asserted by Plaintiff in this action and deny liability on such claims.

10.    Defendants admit the allegations contained in paragraph 10 of the Amended Complaint.

11.    Defendants admit the allegations contained in paragraph 11 of the Amended Complaint, solely as to them and no other defendants.

12.    Defendants admit the allegations contained in paragraph 12 of the Amended Complaint.

13.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Amended Complaint.

14.    Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.

15.    Defendants admit the allegations contained in paragraph 15 of the Amended Complaint except for the allegation that defendant Pan Oceanic Group is a limited liability corporation, which allegation is denied.

16.    Defendants deny the allegations contained in paragraph 16 of the Amended Complaint.

17.    Defendants admit the allegations contained in paragraph 17 of the Amended Complaint.

18.    In response to the allegations of paragraph 18 of the Amended Complaint, Defendants admit that Sam Anteby is an employee of HER and deny the remaining allegations contained in this paragraph.

19.    In response to the allegations of paragraph 19 of the Amended Complaint, Defendants admit that Jack Anteby is an employee of HER and deny the remaining allegations contained in this paragraph.

20.    Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.

21.    Defendants deny the allegations contained in paragraph 21 of the Amended Complaint except for the allegation that HER and Pan Oceanic Group share an address, office space and telephone numbers, which allegation is admitted.

22.    Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Amended Complaint.

24.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

26.    In response to the allegations of paragraph 26 of the Amended Complaint, Defendants assert that the only customer to which HER sold or distributed links for composable bracelets is Claire's.  Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

27.    In response to the allegations of paragraph 27 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and deny the remaining allegations contained in this paragraph.

28.    In response to the allegations of paragraph 28 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Those Characters from Cleveland, Inc. concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

29.    In response to the allegations of paragraph 29 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

30.    In response to the allegations of paragraph 30 of the Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the remaining allegations contained in this paragraph.

31.     In response to the allegations of paragraph 31 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Artlist International, Inc. concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

32.     In response to the allegations of paragraph 32 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

33.     In response to the allegations of paragraph 33 of the Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the remaining allegations contained in this paragraph.

34.     In response to the allegations of paragraph 34 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Hearst Holdings, Inc. (King Features Syndicate Division) concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

35.     In response to the allegations of paragraph 35 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and deny the remaining allegations contained in this paragraph.

36.     In response to the allegations of paragraph 36 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Hearst Holdings, Inc. (King Features Syndicate Division) concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

37.     In response to the allegations of paragraph 37 of the Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the remaining allegations contained in this paragraph.

38.     In response to the allegations of paragraph 38 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and deny the remaining allegations contained in this paragraph.

39.     In response to the allegations of paragraph 39 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Universal Studios Licensing LLLP concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

40.     In response to the allegations of paragraph 40 of the Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the remaining allegations contained in this paragraph.

41.     In response to the allegations of paragraph 41 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that defendant Pan Oceanic Group entered into a license agreement with defendant Nintendo of America, Inc. concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

42.     In response to the allegations of paragraph 42 of the Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the remaining allegations contained in this paragraph.

43.     In response to the allegations of paragraph 43 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, except for the allegation that defendant Benton has granted a license to the "Supplier Defendants," which allegation is denied.

44.     In response to the allegations of paragraph 44 of the Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the remaining allegations contained in this paragraph.

45.     In response to the allegations of paragraph 45 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and deny the remaining allegations contained in this paragraph.

46.     In response to the allegations of paragraph 46 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity

of the allegations of the first, second and third sentences of this paragraph and admit that HER

entered into a license agreement with Sanrio Inc. concerning certain intellectual property rights.

Defendants deny the remaining allegations contained in this paragraph.

47.    In response to the allegations of paragraph 47 of the Amended Complaint,

Defendants admit that this paragraph contains an image of what appears to be a product sold by

HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the

remaining allegations contained in this paragraph.

48.    In response to the allegations of paragraph 48 of the Amended Complaint,

Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity

of the allegations of the first, second and third sentences of this paragraph and admit that HER

entered into a license agreement with Viacom International, Inc. concerning certain intellectual

property rights.  Defendants deny the remaining allegations contained in this paragraph.

49.    In response to the allegations of paragraph 49 of the Amended Complaint,

Defendants admit that this paragraph contains an image of what appears to be a product sold by

HER, although the image is so blurry that it cannot be fully discerned.  Defendants deny the

remaining allegations contained in this paragraph.

50.    In response to the allegations of paragraph 50 of the Amended Complaint,

Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity

of the allegations of the first, second and third sentences of this paragraph and admit that HER

entered into a license agreement with DIC Entertainment Corporation concerning certain

intellectual property rights.  Defendants deny the remaining allegations contained in this

paragraph.

51.    In response to the allegations of paragraph 51 of the Amended Complaint,

Defendants admit that this paragraph contains an image of what appears to be a product sold by

HER, although the image is so blurry that it cannot be fully discerned. Defendants deny the remaining allegations contained in this paragraph.

52. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the second and third sentences of paragraph 55 of the Amended Complaint and deny the remaining allegations contained in this paragraph.

56. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 56 of the Amended Complaint and deny the remaining allegations contained in this paragraph.

57. In response to the allegations of paragraph 57 of the Amended Complaint, Defendants deny that Plaintiff's composable bracelets have "gained extraordinary popularity and have become famous around the world." Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

58. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Amended Complaint.

59. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Amended Complaint.

60. In response to the allegations of paragraph 60 of the Amended Complaint, Defendants admit that Plaintiff has attached to the Amended Complaint what appears to be a

TESS report from the United States Patent and Trademark Office online records for U.S. Trademark Reg. No. 2,289,491.  Defendants deny knowledge and information sufficient to form a belief as to whether Plaintiff's purported "nomination" trademark is protectible and deny the remaining allegations contained in this paragraph.

61.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Amended Complaint.

62.    In response to the allegations of paragraph 62 of the Amended Complaint, Defendants deny that they have promoted or sold any products that are unlawful copies or counterfeits and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

63.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Amended Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65.    In response to the allegations of paragraph 65 of the Amended Complaint, Defendants admit that HER is a supplier of jewelry and fashion accessories, and that HER and Pan Oceanic Group are parties to license agreements with owners of well-known trademarks. Defendants deny the remaining allegations contained in this paragraph.

66.    In response to the allegations of paragraph 66 of the Amended Complaint, Defendants admit that HER has sold and distributed links for composable bracelets to Claire's, the packaging of some of which bore the term "nomination."  Defendants deny the remaining allegations contained in this paragraph.

67.    In response to the allegations of paragraph 67 of the Amended Complaint, Defendants admit that Claire's is a specialty retailer that sells costume jewelry.  Defendants deny

knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

68.    Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in paragraph 69 of the Amended Complaint.

70.    In response to the allegations of paragraph 70 of the Amended Complaint, Defendants admit that certain intellectual property associated with the brands identified in this paragraph has appeared on certain packaging for links for composable bracelets that are subject to the instant action.  Defendants deny the remaining allegations contained in this paragraph.

71.    In response to the allegations of paragraph 71 of the Amended Complaint, Defendants admit that some of the licensors identified as defendants in the instant action granted licenses to HER and/or Pan Oceanic Group for the right to use certain intellectual property in connection with links for composable bracelets, and that such products were sold in the U.S. and New York by Claire's.  Defendants deny knowledge and information sufficient to form a belief as to the manner in which Plaintiff secures licenses for images, if any.  Defendants deny the remaining allegations contained in this paragraph.

72.    In response to the allegations of paragraph 72 of the Amended Complaint, Defendants admit that certain of its licensors knew that intellectual property licensed by them to HER and/or Pan Oceanic Group would be used in connection with links for composable bracelets sold and distributed by HER, and that the term "nomination" would appear on the packaging for such goods.  Defendants deny the remaining allegations contained in this paragraph.

73.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Amended Complaint.

76.     In response to the allegations of paragraph 76 of the Amended Complaint, Defendants admit that HER received a letter from Plaintiff's counsel on or about December 21, 2005, which letter speaks for itself, and that they believe Claire's received a similar letter at approximately the same time.  Defendants deny the remaining allegations contained in this paragraph.

77.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Amended Complaint.

78.     In response to the allegations of paragraph 78 of the Amended Complaint, Defendants admit that HER and Claire's, as an accommodation to Plaintiff, provided assurances that the packaging for links for composable bracelets that are subject to the instant action would be modified and that the same products, if feasible, would be removed from the marketplace. Defendants deny the remaining allegations contained in this paragraph.

79.     In response to the allegations of paragraph 79 of the Amended Complaint, Defendants admit that limited quantities of the links for composable bracelets that are subject to the instant action remained on the store shelves of Claire's after December 2005.  Defendants deny the remaining allegations contained in this paragraph.

80.     Defendants deny the allegations contained in paragraph 80 of the Amended Complaint.

13

81.    Defendants deny the allegations contained in paragraph 81 of the Amended Complaint.

82.    In response to the allegations of paragraph 82 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 81 above and deny any liability to Plaintiff.

83.    Defendants deny the allegations contained in paragraph 83 of the Amended Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Amended Complaint.

85.    Defendants deny the allegations contained in paragraph 85 of the Amended Complaint.

86.    Defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the Amended Complaint.

88.    Defendants deny the allegations contained in paragraph 88 of the Amended Complaint.

89.    Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

90.    In response to the allegations of paragraph 90 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 89 above and deny any liability to plaintiff.

91.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Amended Complaint.

92.    In response to the allegations of paragraph 92 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except for the allegation that plaintiff's Mark has become famous and the allegations of the second sentence of this paragraph, which allegations are denied.

93.    In response to the allegations of paragraph 93 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's use of the term "nomination" and deny the remaining allegations contained in this paragraph.

94.    Defendants deny the allegations contained in paragraph 94 of the Amended Complaint.

95.    Defendants deny the allegations contained in paragraph 95 of the Amended Complaint.

96.    Defendants deny the allegations contained in paragraph 96 of the Amended Complaint.

97.    Defendants deny the allegations contained in paragraph 97 of the Amended Complaint.

98.    Defendants deny the allegations contained in paragraph 98 of the Amended Complaint.

99.    In response to the allegations of paragraph 99 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 98 above and deny any liability to plaintiff.

100.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Amended Complaint.

101.    In response to the allegations of paragraph 101 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except for the allegation that plaintiff's Mark has become famous and the allegations of the second sentence of this paragraph, which allegations are denied.

102.    Defendants deny the allegations contained in paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Amended Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Amended Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the Amended Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Amended Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Amended Complaint.

109.    In response to the allegations of paragraph 109 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 108 above and deny any liability to plaintiff.

110.    Defendants deny the allegations contained in paragraph 110 of the Amended Complaint.

111.    In response to the allegations of paragraph 111 of the Amended Complaint, Defendants admit the products at issue are intended to be purchased by consumers and deny the remaining allegations contained in this paragraph.

112.    Defendants deny the allegations contained in paragraph 112 of the Amended Complaint.

113.    Defendants deny the allegations contained in paragraph 113 of the Amended Complaint.

114.    Defendants deny the allegations contained in paragraph 114 of the Amended Complaint.

115.    In response to the allegations of paragraph 115 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 114 above and deny any liability to plaintiff.

116.    Defendants deny the allegations contained in paragraph 116 of the Amended Complaint.

117.    In response to the allegations of paragraph 117 of the Amended Complaint, Defendants admit the products at issue are intended to be purchased by consumers and deny the remaining allegations contained in this paragraph.

118.    Defendants deny the allegations contained in paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Amended Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the Amended Complaint.

122.    In response to the allegations of paragraph 122 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 121 above and deny any liability to plaintiff.

123.    In response to the allegations of paragraph 123 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of this paragraph and deny the remaining allegations contained in this paragraph.

124.    Defendants deny the allegations contained in paragraph 124 of the Amended Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the Amended Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Amended Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Amended Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the Amended Complaint.

131.    In response to the allegations of paragraph 131 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 130 above and deny any liability to plaintiff.

132.    In response to the allegations of paragraph 132 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph and deny the remaining allegations contained in this paragraph.

133.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the Amended Complaint.

134.    In response to the allegations of paragraph 134 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except for the allegation that plaintiff's Mark has become famous and the allegations of the second sentence of this paragraph, which allegations are denied.

135.    Defendants deny the allegations contained in paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Amended Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Amended Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Amended Complaint.

140.    Defendants deny the allegations contained in paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations contained in paragraph 141 of the Amended Complaint.

142.    Defendants deny the allegations contained in paragraph 142 of the Amended Complaint.

143.    Defendants deny the allegations contained in paragraph 143 of the Amended Complaint.

144.    In response to the allegations of paragraph 144 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 143 above and deny any liability to plaintiff.

145.    Defendants deny the allegations contained in paragraph 145 of the Amended Complaint.

146.    Defendants deny the allegations contained in paragraph 146 of the Amended Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Amended Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Amended Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Amended Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Amended Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of the Amended Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Amended Complaint.

154.    In response to the allegations of paragraph 154 of the Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 153 above and deny any liability to plaintiff.

155.    Defendants deny the allegations contained in paragraph 155 of the Amended Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of the Amended Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Amended Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of the Amended Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Amended Complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the Amended Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Amended Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and laches.

### THIRD AFFIRMATIVE DEFENSE

The use by the Defendants of the term "nomination" of which Plaintiff complains is protected under 15 U.S.C. § 1115(b)(4).

### FOURTH AFFIRMATIVE DEFENSE

The links for composable bracelets distributed and sold by the Defendants did not bear a "counterfeit mark" as defined by 15 U.S.C. § 1127.

Dated: September 7, 2007        **DORSEY & WHITNEY LLP**
          New York, New York


By  /s/ BRUCE R. EWING
          Bruce R. Ewing (BE-0724)
          Gianfranco G. Mitrione (GM-8618)
          250 Park Avenue
          New York, NY 10177-1500
          (212) 415-9200

          Attorneys for Defendants
          H.E.R. Accessories, Ltd., Pan Oceanic Group, LLC
          Richard Terzi, Hymie Anteby, Sam Anteby, Jack
          Anteby, Claire's Boutiques, Inc., Claire's Stores, Inc.,
          AGC, Inc., Those Characters From Cleveland, Inc.,
          American Greetings Corp., Artlist International USA,
          Inc., Nintendo of America, Inc., James K. Benton and
          Sanrio, Inc.

4816-3329-4337\3