DORSEY & WHITNEY LLP
Bruce R. Ewing (BE-0724)
Gianfranco G. Mitrione (GM-8618)
250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Defendants
H.E.R. Accessories, Ltd., Pan Oceanic Group, LLC
Richard Terzi, Hymie Anteby, Sam Anteby, Jack Anteby
Claire's Boutiques, Inc., Claire's Stores, Inc.,
AGC, Inc., Those Characters From Cleveland, Inc.,
American Greetings Corp., Artlist International USA, Inc.,
Nintendo of America, Inc., James K. Benton and Sanrio, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

NOMINATION DI ANTONIO E PAOLO
GENSINI S.N.C., NOMINATION S.R.L. AND
NOMINATION USA, INC.,

                              Plaintiffs,

-v-

H.E.R. ACCESSORIES LTD., PAN OCEANIC
GROUP, LLC, RICHARD TERZI, HYMIE
ANTEBY, SAM ANTEBY, JACK ANTEBY,
CLAIRE'S BOUTIQUE'S INC., CLAIRE'S
STORES, INC., SOCORRO ECHEVERRIA,
d/b/a DEAL-IN MARKETING, AGC INC.,
THOSE CHARACTERS FROM CLEVELAND,
INC., AMERICAN GREETINGS
CORPORATION, ARTLIST INTERNATIONAL,
INC., ARTLIST INTERNATIONAL USA, INC.,
DIC I CORPORATION d/b/a DIC
ENTERTAINMENT CORPORATION, HEARST
HOLDINGS, INC., FLEISCHER STUDIOS,
INC., KING FEATURES SYNDICATE,
HOUGHTON MIFFLIN COMPANY,
UNIVERSAL STUDIOS LICENSING LLLP,
NINTENDO OF AMERICA, INC., JAMES K.
BENTON,SANRIO INC., VIACOM
INTERNATIONAL, INC., JOHN DOES 1-50
AND XYZ COMPANIES 1-50,

                              Defendants.

---------------------------------------------------------------X

07-CV-6959 (RMB)


**ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANTS H.E.R.
ACCESSORIES LTD., PAN OCEANIC
GROUP, LLC, RICHARD TERZI,
HYMIE ANTEBY, SAM ANTEBY AND
JACK ANTEBY TO PLAINTIFFS'
SECOND AMENDED COMPLAINT**

Defendants H.E.R. Accessories Ltd. ("HER"), Pan Oceanic Group, LLC, Richard Terzi, Hymie Anteby, Sam Anteby and Jack Anteby (collectively referred to herein as "Defendants"), as and for their Answer to the February 7, 2008 Second Amended Complaint (the "Second Amended Complaint") filed by Plaintiffs Nomination di Antonio e Paolo Gensini S.N.C., Nomination S.R.L. and Nomination USA, Inc. allege as follows:

1.  Defendants admit that paragraph 1 of the Second Amended Complaint purports to summarize the claims asserted by Plaintiffs in this action and deny liability on such claims.

2.  Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Second Amended Complaint, except for the allegation that Plaintiffs' Mark is "known throughout the world," which allegation is denied.

3.  In response to the allegations of paragraph 3 of the Second Amended Complaint, Defendants deny the allegations of the first and fourth sentences of this paragraph and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

4.  In response to the allegations of paragraph 4 of the Second Amended Complaint, Defendants admit that HER has supplied Claire's Boutique's Inc. ("Claire's") with links for composable bracelets since 2005 and deny the remaining allegations contained in this paragraph.

5.  Defendants deny the allegations contained in paragraph 5 of the Second Amended Complaint

6.  In response to the allegations of paragraph 6 of the Second Amended Complaint, Defendants admit that retail stores operated by Claire's have sold links for composable bracelets supplied since 2005 by HER, and that the packaging of some of these products bore the term "nomination."  Defendants deny the remaining allegations contained in this paragraph.

7.     In response to the allegations of paragraph 7 of the Second Amended Complaint, Defendants admit that HER is a party to license agreements with Those Characters From Cleveland, Inc., Artlist International, Inc., Hearst Holdings, Inc. (King Features Syndicate Division), Universal Studios Licensing LLLP, Sanrio Inc. and Viacom International, Inc. concerning the use of certain intellectual property in connection with certain of HER's products, including links for composable bracelets.  Defendants further admit that Pan Oceanic Group is a party to a license agreement with Nintendo of America, Inc. concerning the use of certain intellectual property in connection with certain products sold and distributed by HER, including links for composable bracelets.  Defendants deny the remaining allegations contained in this paragraph.

8.     Defendants deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9.     Defendants admit that paragraph 9 of the Second Amended Complaint accurately states some of the claims asserted by Plaintiffs in this action and deny liability on such claims.

10.     Defendants admit the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     Defendants admit the allegations contained in paragraph 11 of the Second Amended Complaint, solely as to them and no other defendants.

12.     Defendants admit the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Second Amended Complaint.

14.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Second Amended Complaint.

15.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Second Amended Complaint.

16.    Defendants admit the allegations contained in paragraph 16 of the Second Amended Complaint.

17.    Defendants admit the allegations contained in paragraph 17 of the Second Amended Complaint except for the allegation that defendant Pan Oceanic Group is a limited liability corporation, which allegation is denied.

18.    Defendants deny the allegations contained in paragraph 18 of the Second Amended Complaint.

19.    Defendants admit the allegations contained in paragraph 19 of the Second Amended Complaint.

20.    In response to the allegations of paragraph 20 of the Second Amended Complaint, Defendants admit that Sam Anteby is an employee of HER and deny the remaining allegations contained in this paragraph.

21.    In response to the allegations of paragraph 21 of the Second Amended Complaint, Defendants admit that Jack Anteby is an employee of HER and deny the remaining allegations contained in this paragraph.

22.    Defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint.

23.    Defendants deny the allegations contained in paragraph 23 of the Second Amended Complaint except for the allegation that HER and Pan Oceanic Group share an address, office space and telephone numbers, which allegation is admitted.

24.    Defendants deny the allegations contained in paragraph 24 of the Second Amended Complaint.

25.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Second Amended Complaint.

26.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Second Amended Complaint.

27.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Second Amended Complaint.

28.    In response to the allegations of paragraph 28 of the Second Amended Complaint, Defendants assert that the only customer to which HER sold or distributed links for composable bracelets is Claire's.  Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

29.    In response to the allegations of paragraph 29 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and deny the remaining allegations contained in this paragraph.

30.    In response to the allegations of paragraph 30 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Those Characters from Cleveland, Inc. concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

31.    In response to the allegations of paragraph 31 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

32.     In response to the allegations of paragraph 32 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER.  Defendants deny the remaining allegations contained in this paragraph.

33.     In response to the allegations of paragraph 33 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Artlist International, Inc. concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

34.     In response to the allegations of paragraph 34 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

35.     In response to the allegations of paragraph 35 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER.  Defendants deny the remaining allegations contained in this paragraph.

36.     In response to the allegations of paragraph 36 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Hearst Holdings, Inc. (King Features Syndicate Division) concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

37.     In response to the allegations of paragraph 37 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity

of the allegations of the first, second and third sentences of this paragraph and deny the remaining allegations contained in this paragraph.

38. In response to the allegations of paragraph 38 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Hearst Holdings, Inc. (King Features Syndicate Division) concerning certain intellectual property rights. Defendants deny the remaining allegations contained in this paragraph.

39. In response to the allegations of paragraph 39 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER. Defendants deny the remaining allegations contained in this paragraph.

40. In response to the allegations of paragraph 40 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and deny the remaining allegations contained in this paragraph.

41. In response to the allegations of paragraph 41 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with defendant Universal Studios Licensing LLLP concerning certain intellectual property rights. Defendants deny the remaining allegations contained in this paragraph.

42. In response to the allegations of paragraph 42 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER. Defendants deny the remaining allegations contained in this paragraph.

43.     In response to the allegations of paragraph 43 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that defendant Pan Oceanic Group entered into a license agreement with defendant Nintendo of America, Inc. concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

44.     In response to the allegations of paragraph 44 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER.  Defendants deny the remaining allegations contained in this paragraph.

45.     In response to the allegations of paragraph 45 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, except for the allegation that defendant Benton has granted a license to the "Supplier Defendants," which allegation is denied.

46.     In response to the allegations of paragraph 46 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER.  Defendants deny the remaining allegations contained in this paragraph.

47.     In response to the allegations of paragraph 47 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with Sanrio Inc. concerning certain intellectual property rights. Defendants deny the remaining allegations contained in this paragraph.

48.     In response to the allegations of paragraph 48 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER.  Defendants deny the remaining allegations contained in this paragraph.

49.     In response to the allegations of paragraph 49 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with Viacom International, Inc. concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

50.     In response to the allegations of paragraph 50 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER.  Defendants deny the remaining allegations contained in this paragraph.

51.     In response to the allegations of paragraph 51 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first, second and third sentences of this paragraph and admit that HER entered into a license agreement with DIC Entertainment Corporation concerning certain intellectual property rights.  Defendants deny the remaining allegations contained in this paragraph.

52.     In response to the allegations of paragraph 52 of the Second Amended Complaint, Defendants admit that this paragraph contains an image of what appears to be a product sold by HER.  Defendants deny the remaining allegations contained in this paragraph.

53.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Second Amended Complaint.

54.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Second Amended Complaint.

55.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Second Amended Complaint.

56.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the second and third sentences of paragraph 56 of the Second Amended Complaint and deny the remaining allegations contained in this paragraph.

57.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 57 of the Second Amended Complaint and deny the remaining allegations contained in this paragraph.

58.     In response to the allegations of paragraph 58 of the Second Amended Complaint, Defendants deny that Plaintiffs' composable bracelets have "gained extraordinary popularity and have become famous around the world."  Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

59.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Second Amended Complaint.

60.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Second Amended Complaint.

61.     In response to the allegations of paragraph 61 of the Second Amended Complaint, Defendants admit that Plaintiffs have attached to the Second Amended Complaint what appears to be a TESS report from the United States Patent and Trademark Office online records for U.S. Trademark Reg. No. 2,289,491.  Defendants deny knowledge and information sufficient to form a belief as to whether Plaintiffs' purported "nomination" trademark is protectible and deny the remaining allegations contained in this paragraph.

62.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Second Amended Complaint.

63.     In response to the allegations of paragraph 63 of the Second Amended Complaint, Defendants deny that they have promoted or sold any products that are unlawful copies or

counterfeits and deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

64.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Second Amended Complaint.

65.    Defendants deny the allegations contained in paragraph 65 of the Second Amended Complaint.

66.    In response to the allegations of paragraph 66 of the Second Amended Complaint, Defendants admit that HER is a supplier of jewelry and fashion accessories, and that HER and Pan Oceanic Group are parties to license agreements with owners of well-known trademarks. Defendants deny the remaining allegations contained in this paragraph.

67.    In response to the allegations of paragraph 67 of the Second Amended Complaint, Defendants admit that HER has sold and distributed links for composable bracelets to Claire's, the packaging of some of which bore the term "nomination."  Defendants deny the remaining allegations contained in this paragraph.

68.    In response to the allegations of paragraph 68 of the Second Amended Complaint, Defendants admit that Claire's is a specialty retailer that sells costume jewelry.  Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

69.    Defendants deny the allegations contained in paragraph 69 of the Second Amended Complaint.

70.    Defendants deny the allegations contained in paragraph 70 of the Second Amended Complaint.

71.    In response to the allegations of paragraph 71 of the Second Amended Complaint, Defendants admit that certain intellectual property associated with the brands identified in this

paragraph has appeared on certain packaging for links for composable bracelets that are subject to the instant action. Defendants deny the remaining allegations contained in this paragraph.

72.    In response to the allegations of paragraph 72 of the Second Amended Complaint, Defendants admit that some of the licensors identified as defendants in the instant action granted licenses to HER and/or Pan Oceanic Group for the right to use certain intellectual property in connection with links for composable bracelets, and that such products were sold in the U.S. and New York by Claire's. Defendants deny knowledge and information sufficient to form a belief as to the manner in which Plaintiffs secure licenses for images, if any. Defendants deny the remaining allegations contained in this paragraph.

73.    In response to the allegations of paragraph 73 of the Second Amended Complaint, Defendants admit that certain of its licensors knew that intellectual property licensed by them to HER and/or Pan Oceanic Group would be used in connection with links for composable bracelets sold and distributed by HER, and that the term "nomination" would appear on the packaging for such goods. Defendants deny the remaining allegations contained in this paragraph.

74.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Second Amended Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of the Second Amended Complaint.

76.    Defendants deny the allegations contained in paragraph 76 of the Second Amended Complaint.

77.    In response to the allegations of paragraph 77 of the Second Amended Complaint, Defendants admit that HER received a letter from Plaintiffs' counsel on or about December 21, 2005, which letter speaks for itself, and that they believe Claire's received a similar letter at

approximately the same time.  Defendants deny the remaining allegations contained in this paragraph.

78.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Second Amended Complaint.

79.    In response to the allegations of paragraph 79 of the Second Amended Complaint, Defendants admit that HER and Claire's, as an accommodation to Plaintiffs, provided assurances that the packaging for links for composable bracelets that are subject to the instant action would be modified and that the same products, if feasible, would be removed from the marketplace. Defendants deny the remaining allegations contained in this paragraph.

80.    In response to the allegations of paragraph 80 of the Second Amended Complaint, Defendants admit that limited quantities of the links for composable bracelets that are subject to the instant action remained on the store shelves of Claire's after December 2005.  Defendants deny the remaining allegations contained in this paragraph.

81.    Defendants deny the allegations contained in paragraph 81 of the Second Amended Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Second Amended Complaint.

83.    In response to the allegations of paragraph 83 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 82 above and deny any liability to Plaintiffs.

84.    Defendants deny the allegations contained in paragraph 84 of the Second Amended Complaint.

85.    Defendants deny the allegations contained in paragraph 85 of the Second Amended Complaint.

86.    Defendants deny the allegations contained in paragraph 86 of the Second Amended Complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the Second Amended Complaint.

88.    Defendants deny the allegations contained in paragraph 88 of the Second Amended Complaint.

89.    Defendants deny the allegations contained in paragraph 89 of the Second Amended Complaint.

90.    Defendants deny the allegations contained in paragraph 90 of the Second Amended Complaint.

91.    In response to the allegations of paragraph 91 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 90 above and deny any liability to Plaintiffs.

92.    Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Second Amended Complaint.

93.    In response to the allegations of paragraph 93 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except for the allegation that Plaintiffs' Mark has become famous and the allegations of the second sentence of this paragraph, which allegations are denied.

94.    In response to the allegations of paragraph 94 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs' use of the term "nomination" and deny the remaining allegations contained in this paragraph.

95.     Defendants deny the allegations contained in paragraph 95 of the Second Amended Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Second Amended Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Second Amended Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the Second Amended Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Second Amended Complaint.

100.     In response to the allegations of paragraph 100 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 99 above and deny any liability to Plaintiffs.

101.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Second Amended Complaint.

102.     In response to the allegations of paragraph 102 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except for the allegation that Plaintiffs' Mark has become famous and the allegations of the second sentence of this paragraph, which allegations are denied.

103.     Defendants deny the allegations contained in paragraph 103 of the Second Amended Complaint.

104.     Defendants deny the allegations contained in paragraph 104 of the Second Amended Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Second Amended Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the Second Amended Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Second Amended Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Second Amended Complaint.

109.    Defendants deny the allegations contained in paragraph 109 of the Second Amended Complaint.

110.    In response to the allegations of paragraph 110 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 109 above and deny any liability to Plaintiffs.

111.    Defendants deny the allegations contained in paragraph 111 of the Second Amended Complaint.

112.    In response to the allegations of paragraph 112 of the Second Amended Complaint, Defendants admit the products at issue are intended to be purchased by consumers and deny the remaining allegations contained in this paragraph.

113.    Defendants deny the allegations contained in paragraph 113 of the Second Amended Complaint.

114.    Defendants deny the allegations contained in paragraph 114 of the Second Amended Complaint.

115.    Defendants deny the allegations contained in paragraph 115 of the Second Amended Complaint.

116.    In response to the allegations of paragraph 116 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 115 above and deny any liability to Plaintiffs.

117.    Defendants deny the allegations contained in paragraph 117 of the Second Amended Complaint.

118.    In response to the allegations of paragraph 118 of the Second Amended Complaint, Defendants admit the products at issue are intended to be purchased by consumers and deny the remaining allegations contained in this paragraph.

119.    Defendants deny the allegations contained in paragraph 119 of the Second Amended Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Second Amended Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the Second Amended Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the Second Amended Complaint.

123.    In response to the allegations of paragraph 123 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 122 above and deny any liability to Plaintiffs.

124.    In response to the allegations of paragraph 124 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of this paragraph and deny the remaining allegations contained in this paragraph.

125.     Defendants deny the allegations contained in paragraph 125 of the Second Amended Complaint.

126.     Defendants deny the allegations contained in paragraph 126 of the Second Amended Complaint.

127.     Defendants deny the allegations contained in paragraph 127 of the Second Amended Complaint.

128.     Defendants deny the allegations contained in paragraph 128 of the Second Amended Complaint.

129.     Defendants deny the allegations contained in paragraph 129 of the Second Amended Complaint.

130.     Defendants deny the allegations contained in paragraph 130 of the Second Amended Complaint.

131.     Defendants deny the allegations contained in paragraph 131 of the Second Amended Complaint.

132.     In response to the allegations of paragraph 132 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 131 above and deny any liability to Plaintiffs.

133.     In response to the allegations of paragraph 133 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph and deny the remaining allegations contained in this paragraph.

134.     Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Second Amended Complaint.

135.    In response to the allegations of paragraph 135 of the Second Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, except for the allegation that Plaintiffs' Mark has become famous and the allegations of the second sentence of this paragraph, which allegations are denied.

136.    Defendants deny the allegations contained in paragraph 136 of the Second Amended Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Second Amended Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Second Amended Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Second Amended Complaint.

140.    Defendants deny the allegations contained in paragraph 140 of the Second Amended Complaint.

141.    Defendants deny the allegations contained in paragraph 141 of the Second Amended Complaint.

142.    Defendants deny the allegations contained in paragraph 142 of the Second Amended Complaint.

143.    Defendants deny the allegations contained in paragraph 143 of the Second Amended Complaint.

144.    Defendants deny the allegations contained in paragraph 144 of the Second Amended Complaint.

145.    In response to the allegations of paragraph 145 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 144 above and deny any liability to Plaintiffs.

146.    Defendants deny the allegations contained in paragraph 146 of the Second Amended Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Second Amended Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Second Amended Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Second Amended Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Second Amended Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of the Second Amended Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of the Second Amended Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Second Amended Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the Second Amended Complaint.

155.    In response to the allegations of paragraph 155 of the Second Amended Complaint, Defendants repeat and reallege every allegation set forth in paragraphs 1 through 154 above and deny any liability to Plaintiffs.

156.    Defendants deny the allegations contained in paragraph 156 of the Second Amended Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Second Amended Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of the Second Amended Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Second Amended Complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the Second Amended Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Second Amended Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the Second Amended Complaint.

163.    Defendants deny the allegations contained in paragraph 163 of the Second Amended Complaint.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The Second Amended Complaint fails to state a claim upon which relief may be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and laches.

**THIRD AFFIRMATIVE DEFENSE**

The use by the Defendants of the term "nomination" of which the Plaintiffs complain is protected under 15 U.S.C. § 1115(b)(4).

**FOURTH AFFIRMATIVE DEFENSE**

The links for composable bracelets distributed and sold by the Defendants did not bear a "counterfeit mark" as defined by 15 U.S.C. § 1127.

Dated: April 11, 2008              **DORSEY & WHITNEY LLP**
New York, New York

By  /s/ BRUCE R. EWING
Bruce R. Ewing (BE-0724)
Gianfranco G. Mitrione (GM-8618)
250 Park Avenue
New York, NY 10177-1500
(212) 415-9200

Attorneys for Defendants
H.E.R. Accessories, Ltd., Pan Oceanic Group, LLC
Richard Terzi, Hymie Anteby, Sam Anteby, Jack
Anteby, Claire's Boutiques, Inc., Claire's Stores, Inc.,
AGC, Inc., Those Characters From Cleveland, Inc.,
American Greetings Corp., Artlist International USA,
Inc., Nintendo of America, Inc., James K. Benton and
Sanrio, Inc.

4826-1329-5362\1